# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# (SOUTHERN DIVISION)

| | |
|---|---|
| **ARTURO GILBERTO CASIANO, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CV: _____ |
| ) | |
| **KHALED KHALIDI, an individual, THE PURPLE ONION – HOMEWOOD LLC, a domestic limited liability company, d/b/a THE PURPLE ONION; THE PURPLE ONION, LLC, a domestic limited liability company; KAL, INC, a domestic corporation;** ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through the undersigned counsel, does hereby file this complaint against the Defendants and further states as follows:

### JURISDICTION

1. This action is filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq*. The Plaintiff seeks payment for unpaid wages, overtime worked and liquidated damages that he was deprived of due to the Defendants' willful violations of the Fair Labor Standards Act. The Plaintiff further seeks reasonable attorney fees, liquidated damages, and costs, pursuant to 29 U.S.C. § 216(b).

1

2. Original jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

**PARTIES & VENUE**

3. Plaintiff **ARTURO GILBERTO CASIANO** ("Arturo") is over the age of nineteen (19) and is a resident of Jefferson County, Alabama.

4. Arturo is a former employee of the Defendants and performed work for the Defendants in the Northern District of Alabama during the events of this case.

5. Arturo was an employee within the contemplation of 29 U.S.C. section 203(e)(1). Thus, pursuant to 28 U.S.C. section 1391(b), the venue for this action lies within the Northern District, Southern Division.

6. Arturo is referred to throughout this complaint as "Plaintiff".

7. Defendant **KHALED KHALIDI** ("Khaled") is an individual over the age of nineteen (19) who is the owner and operator of the domestic corporations and/or businesses, which are the other defendants to this lawsuit, and is a resident of Jefferson County, Alabama.

8. Khaled supervised the day-to-day operations of the Defendant Businesses, including setting all pay practices and FLSA policies related to the day-to-day operation of the business, such that he is an employer as defined by the FLSA.

9. Defendant **THE PURPLE ONION – HOMEWOOD LLC, d/b/a THE PURPLE ONION** ("Purple Onion - Homewood") is a domestic limited liability

2

company organized in the State of Alabama and located within the Northern District of Alabama.

10. Purple Onion - Homewood operates a restaurant located at 479 Green Springs Highway, Homewood, Alabama, 35209.

11. Purple Onion - Homewood is engaged in commerce from the production of goods as contemplated by 29 U.S.C. sections 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

12. Khaled is the owner of Purple Onion – Homewood.

13. Defendant **THE PURPLE ONION, LLC,** ("Purple Onion") is a domestic limited liability company organized in the State of Alabama and located within the Northern District of Alabama.

14. Purple Onion is a domestic limited liability company that is, upon information and belief, engaged in the restaurant industry in Jefferson County, Alabama.

15. Purple Onion is engaged in commerce from the production of goods as contemplated by 29 U.S.C. sections 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

16. Khaled is the owner of Purple Onion.

17. Defendant **KAL, INC**, ("KAL") is a domestic corporation organized in the State of Alabama and located within the Northern District of Alabama.

18. KAL is a domestic corporation that is, upon information and belief, is engaged in the restaurant industry, in Jefferson County, Alabama.

19. KAL is engaged in commerce from the production of goods as contemplated by 29 U.S.C. sections 203(r), 203(s). Therefore, this Court has jurisdiction over the Defendant.

20. Khaled is the owner of KAL.

21. Khaled, Purple Onion – Homewood, Purple Onion, and KAL are all collectively referred to throughout this complaint as "Defendants".

22. Purple Onion – Homewood, Purple Onion, and KAL are referred to as the "Purple Onion Defendants."

23. Defendants are an Integrated Enterprise for purpose of the FLSA.

24. Defendants and Plaintiff are collectively referred to throughout this complaint, as "Parties".

25. Venue in this Court is proper pursuant to 28 U.S.C. section 1391(b).

26. The facts set forth in this Complaint arose in, and a substantial portion of the acts and omissions leading up to this litigation occurred in this District.

## FACTUAL ALLEGATIONS

27. During his employment, the Plaintiff was entitled to the full protection of the FLSA.

28. The Plaintiff was an hourly employee of the Defendants.

29. The Plaintiff was entitled to overtime pay.

30. At all times during the employment relationship, Defendants classified Plaintiff as a non-exempt employee.

31. The Plaintiff was not a manager and did not supervise any employees as part of his job duties.

32. The Plaintiff did not have the authority to hire employees for the benefit of Defendants.

33. The Plaintiff did not have the authority to terminate the employment of other employees for the benefit of Defendants.

34. The Plaintiff performed labor for the benefit of Defendants was entirely manual in nature and consisted of little or no administrative paperwork.

35. The Defendants hired Arturo in or about 2016 as a line cook.

36. Defendants did not require Arturo to fill out an application for employment.

37. Defendants did not require Arturo to fill out a USCIS Form I-9.

38. Defendants did not comply with the Besson-Hammon Alabama Taxpayer and Citizen Protection Act when they hired Arturo.

39. Defendants hired Arturo to work at the Purple Onion – Homewood location.

40. Defendants set Arturo's pay rate at twenty dollars ($20.00) per hour at the Purple Onion – Homewood.

41. Defendants paid Arturo with cash.

42. From November 28, 2019, to October 15, 2021, Arturo worked the following hours:

| Day of Week | Schedule | Hours Worked |
|---|---|---|
| Monday | 4 pm to 11 pm | 7 |
| Tuesday | 9 am to 11 pm | 14 |
| Wednesday | 9 am to 11 pm | 14 |
| Thursday | 4 pm to 11 pm | 7 |
| Friday | 9 am to 4 pm | 7 |

| | | |
|---|---|---|
| Saturday | 4 pm to 11 am | 7 |
| Sunday | 9 am to 11 pm | 14 |
| | **Total:** | **70** |

43. Arturo regularly worked more than seventy (70) hours a week.

44. Arturo's breaks were irregular, inconsistent, and averaged less than twenty (20) minutes per day.

45. Arturo was regularly paid one-thousand four hundred dollars ($1,400.00) in cash.

46. Arturo did not work for the Purple Onion – Homewood from on or about October 16, 2021, to May 15, 2022.

47. On or about May 16, 2022, Arturo was re-hired by the Purple Onion – Hoover. His schedule was as follows:

| Day of Week | Schedule | Hours Worked |
|---|---|---|
| Monday | 4 pm to 11 pm | 7 |
| Tuesday | 9 am to 11 pm | 14 |
| Wednesday | 9 am to 11 pm | 14 |
| Thursday | 4 pm to 11 pm | 7 |
| Friday | 4 pm to 11 pm | 7 |
| Saturday | 4 pm to 11 am | 7 |
| Sunday | 10 am to 11 pm | 13 |
| | **Total:** | **76** |

48. On or about May 16, 2022, to August 29, 2022, Arturo regularly worked more than seventy-six (76) hours a week.

49. Arturo's breaks were irregular, inconsistent, and averaged less than twenty (20) minutes per day.

50. Arturo was regularly paid one-thousand five hundred and twenty dollars ($1,520.00) in cash.

6

51. On or about August 30, 2022, Defendants reassigned Arturo to the night shift. His schedule was as follows:

| Day of Week | Schedule | Hours Worked |
|---|---|---|
| Monday | 11 pm to 9 am | 10 |
| Tuesday | 11 pm to 9 am | 10 |
| Wednesday | 11 pm to 9 am | 10 |
| Thursday | 11 pm to 9 am | 10 |
| Friday | 11 pm to 9 am | 10 |
| Saturday | 11 pm to 9 am | 10 |
| Sunday | 11 pm to 9 am | 10 |
|  | **Total:** | **70** |

52. On or about August 30, 2022, to November 28, 2022, Arturo regularly worked more than seventy (70) hours a week.

53. Arturo's breaks were irregular, inconsistent, and averaged less than twenty (20) minutes per day.

54. Arturo was regularly paid one-thousand four hundred dollars ($1,400.00) in cash.

55. When Arturo was re-hired, he did not fill out a new application for employment or fill out any paperwork.

56. While at Purple Onion - Homewood, Arturo was a line cook, preparing food and interacting with vendors.

57. Arturo was terminated on November 28, 2022.

58. The statutory period for damages on November 28, 2019, to November 28, 2022, excluding October 16, 2021, to May 15, 2022.

59. Defendants did not render Arturo additional compensation in any manner, including overtime premium pay of one and one-half Arturo's regular hourly rate, for hours worked in excess of forty (40) during the workweek.

60. Defendants did not maintain a seven-day workweek for purpose of calculating overtime compensation or otherwise did not inform Arturo when the seven-day workweek commenced or ended for purposes of calculating overtime compensation.

61. Defendants never issued Arturo an IRS Form W-2 for the 2022, 2021, 2020, or 2019 tax years.

62. Defendants never issued Arturo an IRS Form 1099-MISC for the 2022, 2021, 2020, or 2019 tax years.

## **Defendants**

63. Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. section 203(d), and are not otherwise exempt from the requirements of this Act.

64. Defendants provided all the tools, equipment, and materials necessary for the Plaintiff to do perform his duties.

65. Defendants provided instructions, directions, training, and supervision to the Plaintiff.

66. Defendants did not maintain records for the days when Plaintiff missed work.

67. Upon information and belief, Defendants did not maintain payroll records.

68. Defendants have a duty to maintain certain records under 29 U.S.C. section 211(c) and the appropriate regulations, and the Plaintiff intends to rely upon these records to demonstrate his damages in this case.

69. All Defendants combined to form an Integrated Enterprise for purposes of FLSA.

70. Khaled owns, controls, operates and/or manages the named business Defendants and/or the Enterprise.

71. Khaled is liable to the Plaintiff pursuant to the FLSA by virtue of having sole discretion and authority in directing, controlling, managing, and supervising the Plaintiff' schedule, work, and pay.

72. Khaled is responsible and has oversight for implementing work schedules, work duties, pay rates, and the procedures for paying overtime to employees.

73. Khaled being the owner, member, director, officer, manager, and/or supervisor has actual and/or constructive knowledge of the employees, like the Plaintiff, who do not get paid overtime.

74. Khaled, being the owner, member, director, officer, and/or manager, conspired with and had control over supervisors, bookkeepers, accountants, and others who conspired in the scheme to not pay overtime and properly maintain documents that detail the hours worked by the Plaintiff.

75. Khaled controls the cash payments to employees.

### Interstate Commerce

76. Defendants are engaged in the restaurant business located within the Northern District of Alabama and are engaged in interstate commerce for the purposes of the FLSA.

77. The Defendants purchase food and supplies from states outside Alabama.

78. The Defendants use credit card machines to conduct business, which affects interstate commerce.

79. The Defendants use computers to conduct business, which affects interstate commerce.

80. The Defendants use telephone systems to conduct business, which affects interstate commerce.

81. The Defendants use the banking system to make deposits, write checks, make money transfers, and obtain financing.

### Integrated Enterprise

82. The Purple Onion Defendants share the same owner, Khaled.

83. Upon information and belief, the Purple Onion Defendants share the same lawyer.

84. The Purple Onion Defendants share the same color scheme for all store locations.

85. The Defendants performed the Integrated Enterprise-related activities through common control by a person or persons for a common business purpose.

86. The Defendants performed the Enterprise-related activities through a unified operation.

87. Khaled , as the owner of all Enterprise related entities, controls the related activities through that network.

### Yearly Revenue

88. Upon information and belief, the Purple Onion Defendants conduct a large and/or significant amount of sales in cash.

89. Khaled uses cash to pay his employees.

90. The Purple Onion Defendants combined clearly exceed five hundred thousand dollars ($500,000.00) in sales revenue each year.

91. The combined revenue for all Defendants exceeds five hundred thousand dollars ($500,000.00) per year.

### Willfulness

92. Khaled is a sophisticated and experienced businessman.

93. Khaled is aware of his requirements related to minimum wage and overtime laws.

94. Khaled had notice of the FLSA labor requirements in part, through a prior FLSA lawsuit *Alejandro Medina Sevilla v. Kal, Inc. et. al.* In the Northern District of Alabama, 2:18-cv-01910-MHH.

95. Khaled, having been sued for violating the FLSA within the last four (4) years, have actual knowledge of his duty to pay overtime under the FLSA.

96. Khaled knowingly and willfully has continued to deprive his employees of overtime pay under FLSA.

## COUNT ONE
## (FLSA OVERTIME VIOLATION)

97. The Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 27-96, above.

98. During the three (3) years preceding the filing of this Complaint, Defendants was, and is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. section 203(s)(1).

99. During the three (3) years preceding the filing of this Complaint, Defendants have been a company wherein two (2) or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

100. The Integrated Enterprise's gross annual volume of revenue on a rolling yearly basis exceeds five hundred thousand dollars ($500,000.00) per year.

101. Defendants failed to compensate the Plaintiff at the premium overtime rate required for all hours worked above forty (40) in a workweek.

102. Defendants failed to properly document and keep all hours worked by the Plaintiff.

103. Defendants' failure to comply with the law was willful.

104. Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. section 207.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff request this Court enter judgment in favor of Plaintiff and against the Defendants for the following relief:

a. All amounts of overtime wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendants' violations of the rights, plus an equal amount in liquidated damages pursuant to Fair Labor Standards Act 29 U.S.C. section 216(b); and,

b. A finding that Defendants willfully violated the Fair Labor Standards Act.

c. All reasonable costs and attorneys' fees, pursuant to Fair Labor Standards Act 29 U.S.C. section 216(b).

d. For such other and further relief as this Court deems equitable, proper, and just.

### PLAINTIFF DEMANDS A TRIAL BY JURY

**DATED: December 22, 2022.**

Respectfully Submitted,

*Jason L. Yearout*
Jason L. Yearout (ASB-4487-t80j)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7855
e. jyearout@rubiofirm.com

*Brenden L. Smith*
Brenden L. Smith (ASB-1984-h69s)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7850
e. bsmith@rubiofirm.com

**THE PLAINTIFF WILL SERVE THE DEFENDANTS BY PROCESS SERVER**

**Khaled Khalidi**
595 Bristol Lane
Birmingham, Alabama, 35226

**The Purple Onion, LLC**
541 22nd Avenue South
Birmingham, Alabama, 35205

**The Purple Onion – Homewood LLC**
595 Bristol Lane
Birmingham, Alabama, 35226

**KAL, INC**
2296 Pelham Parkway
Pelham, Alabama, 35124